# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8513 | **DATE** | January 23, 2013 |
| **CASE TITLE** | Raimondoray Cerna (#14816-424) vs. United States of America | | |

**DOCKET ENTRY TEXT**

Cerna's motion for return of property is construed as a motion to set aside forfeiture of property under 18 U.S.C. § 983(e). The portion of the Court's 12/10/12 order granting him *in forma pauperis* ("IFP") status for the $46.00 filing fee for a motion for the return of property under Fed. R. Crim. P. 41(g) is vacated. Using Petitioner's IFP application, the Court grants him IFP status for the filing of a motion under § 983(e) and waives the initial partial filing fee. The trust fund officer at Petitioner's place of confinement is authorized to make deductions from Petitioner's trust fund account in accordance with this order until the $350 filing fee is paid. The clerk shall forward a copy of this order to the trust fund officer at Devens Federal Medical Center. The Government having filed a response to Petitioner's § 983(e) motion, Petitioner is given 30 days from the date of this order to reply. If Petitioner does not want to proceed with this case as a § 983(e) action, he may file a motion to voluntarily dismiss this case.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Petitioner, Raimondoray Cerna, is currently incarcerated at the Devens Federal Medical Center in Massachusetts. He filed a petition for the return of seized property pursuant to Fed. R. Crim. P. 41(g), and then an application to proceed *in forma pauperis* ("IFP") following this Court's 11/5/12 order, notifying him that he had to either pay the $46.00 fee or submit a completed IFP application. The Court granted him IFP status and ordered the Government to respond. Having received a response from the Government, it is apparent that Petitioner cannot file a Rule 41(g) motion in this Court and that his motion should have been construed as one under 18 U.S.C. § 983(e). Petitioner challenges the forfeiture of money ($5,100) and a Rolex watch that were seized during his arrest in south Florida. According to Petitioner, the criminal charges were dropped, but forfeiture proceedings continued in Florida by Immigration and Custom Service officials before he was transferred here for criminal charges for illegal reentry.

Although Petitioner styled his motion as one under Fed. R. Crim. P. 41(g), he cannot proceed with such a motion here, since the seizure occurred in Florida. *See* Rule 41(g) ("The motion must be filed in the district where the property was seized."). Petitioner may, however, file a motion to set aside a forfeiture pursuant to 18 U.S.C. § 983(e). *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) ("When determining the character of a pro se filing courts should look to the substance of the filing rather than its label."). Section 983(e) appears to be silent as to where such motions should be filed. Although it is unclear if venue is proper in this district, the Government does not seek dismissal based upon venue and the Court will consider Petitioner's motion.

Construing Petitioner's motion as one under § 983(e), as opposed to Rule 41(g), however, changes the filing fee of this case. The filing fee for a § 983(e) motion is $350. *See United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (the Prisoner Litigation Reform Act applies to motions challenging a forfeiture under § 983(e)). Using the IFP application previously submitted by Petitioner, the Court again grants him IFP status and waives the initial

| STATEMENT |
|---|

partial filing fee. The trust fund officer at Petitioner's place of confinement is authorized to collect monthly payments from Petitioner's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Petitioner's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Petitioner's name and the case number assigned to this action. Petitioner shall remain responsible for this filing fee obligation, and Devens Federal Medical Center officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The Government, having construed the petition as a motion challenging the forfeiture under § 983(e), has filed a response. Accordingly, Petitioner is directed to reply within 30 days of the date of this order. His failure to do so will result in the consideration of the Government's response without the benefit of a reply.

If Petitioner does not want to proceed with this case as a § 983(e) action (if he prefers to forego these proceedings and attempt a Rule 41(g) motion in the Southern District of Florida), he may file a motion to voluntarily dismiss this action in lieu of a reply.